Linda McCORMACK, John Fletcher and J.W. "Dub" Brooks, Appellants,

v.

The TOWN OF GRANITE, a municipal corporation, Appellee.

No. 81813.

Supreme Court of Oklahoma.

Feb. 13, 1996.

David T. McKenzie and MaryGaye Leboeuf, Oklahoma City, for Appellant, Linda McCormack.

Leon W. Willsie, Sayre, for Appellants, J.W. Brooks and Johnny Fletcher.

Paul Stumbaugh, Mangum, for Appellee, Town of Granite.

KAUGER, Vice Chief Justice.

Two issues are presented: 1) whether appeal-related attorney fees may be awarded under 11 O.S.1991 § 23–101;[1] and 2) whether the amount of attorney fees awardable must be determined in a jury trial. We find that appeal-related attorney fees may be recovered pursuant to 11 O.S.1991 § 23–101 but that the award is not subject to trial by jury.

## FACTS

The facts surrounding the underlying suit by the appellants, trustees of the Granite Town Board (trustees),[2] for recovery of attorney fees for their defense of grand jury ouster proceedings are outlined in *McCormack v. Town of Granite*, 913 P.2d 278, 281 (Okla.1995) (*McCormack I*). In *McCormack I*, we determined that the trustees could

---

1. Title 11 O.S.1991 § 23–101 provides:

"A. Unless otherwise provided for in the Governmental Tort Claims Act, if an action is brought against a municipal employee in any civil action or special proceeding in the courts of this state or the United States by reason of any act done or omitted in good faith in the course of employment, the governing body of the municipality shall direct the municipal attorney or the designated legal counsel to appear and defend the action or proceeding on behalf of the employee in accordance with the provisions of Section 23–102 of this title. The municipal governing body shall not designate an attorney to represent a municipal employee if that employee did not perform a statutorily required duty and such duty is a basis of the civil action or special proceeding.

B. The municipal governing body may direct its attorney to intervene in any action or proceeding and to appear on behalf of the municipality, or any of its officers or employees, if the governing body deems the municipality to have an interest in the subject matter of the litigation.

C. A municipality may indemnify its employees for actual damages, fees and costs in accordance with the Governmental Tort Claims Act."

2. The appellants, Linda McCormack, John Fletcher and J.W. "Dub" Brooks, will be referred to collectively as trustees.

recover attorney fees for successfully defending grand jury ouster proceedings.

On November 3, 1995, the trustees filed an application for appeal-related attorney fees. The application was filed in association with their efforts to obtain a favorable ruling in *McCormack I*. The trustees assert that because in actions in which attorney fees are awardable for services before the trial court, they may also be recovered for appeal-related fees. The application was amended on November 7, 1995, to include fees not originally listed. On November 20, 1995, the appellee, Town of Granite (Granite/City), filed a response opposing the award of appeal-related attorney fees insisting that if an award is made, the amount of the award is subject to jury trial.

## I.

**BECAUSE 11 O.S.1991 § 23–101 PROVIDES FOR A MUNICIPALITY TO INDEMNIFY ITS EMPLOYEES FOR "ACTUAL DAMAGES, FEES AND COSTS" OF ANY CIVIL ACTION FILED BECAUSE OF THE EMPLOYEE'S GOOD FAITH ACTION ON BEHALF OF ITS EMPLOYER, APPEAL–RELATED ATTORNEY FEES MAY ALSO BE AWARDED PURSUANT TO THE STATUTE.**

■ The trustees contend that because we allowed recovery of trial-related attorney fees pursuant to 11 O.S.1991 § 23–101[3] in *McCormack I*, they may also collect attorney fees incurred in association with the appeal of the ouster action. Granite argues that no appeal-related attorney fees may be awarded.

■ A judgment is not final in the sense that it binds the parties until the losing party has failed properly to perfect an appeal, or until the highest court, whose jurisdiction is invoked by either party, upholds the decision of the trial court.[4] This cause was not finally resolved until we ruled that the trustees were entitled to recover attorney fees.

In *Sisney v. Smalley*, 690 P.2d 1048, 1051 (Okla.1984), we held that whenever there is statutory authority to award trial-related attorney fees, additional fees may be allowed to the prevailing party for legal services rendered on appeal. Section 23–101 does not limit the indemnification of fees to the trial-related costs. In order to recover any attorney fees—trial-related or appellate, the trustees were forced to appeal. Once the trustees prevailed in their original action to recover attorney fees for their defense, they were entitled to their appellate-related attorney fees as well.

■ Granite alleges that because the trustees did not follow the proper procedure in requesting an award of appeal-related fees, no fees may be awarded. Granite contends that the cause is governed by 12 O.S.Supp.1993 § 696.4(C)[5] which requires that a request for attorney's fees for services performed on appeal must be made to the appellate court by separate motion filed with the applicant's brief on appeal. Because the trustees did not file a separate motion with their appellate brief, Granite argues that they may not recover appeal-related fees.

■ However, 12 O.S.Supp.1995 § 696.4(C)[6] was amended effective November 1, 1995. It provides that a motion for

3. Title 23 O.S.1991 § 23–101, see note 1, supra.

4. *Benham v. Plotner*, 795 P.2d 510, 512 (Okla. 1990); *State ex rel. Derryberry v. Kerr–McGee Corp.*, 516 P.2d 813, 820 (Okla.1973).

5. Title 12 O.S.Supp.1993 § 696.4(C) provides:
"An application for attorney's fees for services performed on appeal, if made to the appellate court, shall be made to the appellate court by separate motion filed with the applicant's brief on appeal."

6. Title 12 O.S.Supp.1995 § 696.4(C) provides:
"An application for attorney's fees for services performed on appeal shall be made to the appellate court either in the applicant's brief on appeal or by separate motion filed any time before issuance of mandate. If in the brief, the application shall be made in a separate portion that is specifically identified. The application shall cite authority for awarding attorney's fees but shall not include evidentiary material concerning their amount. The appellate court shall decide whether to award attorney's fees for services on appeal, and if fees are awarded, it shall remand the case to the trial court for a determination of their amount. The trial court's order determining the amount of fees is an appealable order."

attorney's fees for services performed on appeal shall be made either in the applicant's brief or by separate motion any time before the issuance of the mandate. The application for appeal-related attorney's fees was filed on November 7, 1995, before the mandate issued. Nevertheless, Granite asserts that the 1995 version of § 696.4(C) should operate prospectively only. This assertion is not persuasive.[7] Generally, statutes operate prospectively unless the Legislature clearly expresses a contrary intent. However, remedial or procedural statutes may operate retrospectively.[8] Statutes relating to the award of attorney fees to a prevailing party are procedural, and subject to retrospective operation.[9]

## II.

## UNDER THE FACTS PRESENTED, NO RIGHT TO JURY TRIAL EXISTS ON THE ISSUE OF ATTORNEY FEES.

■ Granite also contends that if attorney fees are to be awarded, the amount of the award is subject to trial by jury. Although no case law is cited to support this finding, Granite relies on the Oklahoma Comments to 12 O.S.Supp.1995 § 696.4 which provide in pertinent part:

"... Nothing in this Section affects the right to jury trial in cases where it may be available. See, Okla. Const. art. 2, § 19. Where an award of interest or attorney's fees is subject to a right to jury trial, their determination must be submitted to the

jury along with the other issues in the case, or else they will be waived."

Evidently, Granite would have this Court interpret the comment as always requiring a trial by jury on the issue of attorney fees. This we decline to do. The comment clearly requires that the issue of attorney fees be submitted to the jury "where an award of interest or attorney's fees is subject to a right to jury trial"—not that the amount of every award for attorney fees must be tried to a jury. Granite cites no authority for the proposition that a jury trial is required on the amount of the attorney fees award under the facts presented, and our research reveals none. Therefore, we find that no right to jury trial exists on the issue of attorney fees under the facts presented.

## CONCLUSION

Pursuant to our ruling in *McCormack I*, the trustees may recover attorney fees for their defense of grand jury ouster proceedings. Because 11 O.S.1991 § 23–101[10] provides for the recovery of attorney fees in the trial of a matter, the trustees are entitled to additional fees for legal services rendered in the appellate court.[11] The issue of the amount of the award is not subject to trial by jury. The cause is remanded to the trial court for a determination of the amount of fees to be awarded. The order entered on

---

7. Granite also urges that the trustees request for appeal-related attorney fees should be denied, because: 1) the application is styled as an "application" rather than as a "motion" for attorney fees; and 2) evidentiary materials were attached to the application. These arguments are unpersuasive. Although 12 O.S.Supp.1995 § 696.4, see note 6, supra, provides that an application for appeal-related attorney fees shall be by "motion" if it is not included in the applicant's brief on appeal and that no evidentiary material shall be attached to the application or motion relating to the amount of the fees to be awarded, these arguments are unpersuasive. This Court may recast petitions or motions to conform to their proper procedural counterpart. See, *Cleghorn v. Maples*, 867 P.2d 1272–73 (Okla.1994); *Bilecki v. Service Collection Ass'n, Inc.*, 732 P.2d 452–53 (Okla.1986); *White v. Wensauer*, 702 P.2d 15–16 (Okla.1985). When materials are improperly attached to a brief or motion filed with this Court,

the materials simply are not considered. See, *Dyke v. Saint Francis Hosp.*, 861 P.2d 295, 300 (Okla.1993); *Hart v. McVay*, 832 P.2d 822, 825 (Okla.1992); *Chamberlin v. Chamberlin*, 720 P.2d 721, 723 (Okla.1986).

8. *Oklahoma Bd. of Medical Licensure & Supervision v. Oklahoma Bd. of Examiners In Optometry*, 893 P.2d 498–99 (Okla.1995); *Forest Oil Corp. v. Corporation Comm'n of Oklahoma*, 807 P.2d 774, 781 (Okla.1990); *Welch v. Armer*, 776 P.2d 847, 850 (Okla.1989).

9. *Qualls v. Farmers Ins. Co.*, 629 P.2d 1258–259 (Okla.1981).

10. Title 11 O.S.1991 § 23–101, see note 1, supra.

11. *Sisney v. Smalley*, 690 P.2d 1048, 1051 (Okla.1984).

the amount of appeal-related attorney fees may be appealed.[12]

**REMANDED FOR AWARD OF APPEAL–RELATED ATTORNEY FEES.**

ALMA WILSON, C.J., and HODGES, SUMMERS and WATT, JJ., concur.

LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., dissent.

---

**12.** Title 12 O.S.Supp.1995 § 696.4(C), see note 6, supra.