1998 OK 3

James V. GOODWIN, Appellant,

v.

The DURANT BANK & TRUST COMPANY, a banking corporation, Appellee.

No. 86764.

Supreme Court of Oklahoma.

Jan. 20, 1998.

Bob E. Savage, Tishomingo, for appellant.

Joe Stamper of Stamper & Hadley, Antlers, for appellee.

LAVENDER, Justice.

¶1 When applied to the case's facts the Uniform Commercial Code's [Code or U.C.C.] provisions, as adopted in Oklahoma,[1] provide a *complete* panoply of rules to determine the issues presented. In this instance it is unnecessary to supplement the Code's provisions with the common law.

## I

### PROCEDURAL FACTS AND HISTORY

¶2 After the Durant Bank & Trust Company [Bank or seller] acquired a Case backhoe (model 580K) through foreclosure,[2] it sold the same to Goodwin [buyer]. Upon the sale's consummation, Goodwin ordered a repair manual. When buyer received this booklet, he realized for the first time that he had been sold a 1987—rather than a 1990—model. Bank acknowledges that both it and the buyer were mistaken about the backhoe's model year at the time it was sold.[3] When Bank learned of the mistake, it offered to repurchase the backhoe from Goodwin for $25,000.00, the same amount that had originally been paid for it. Buyer refused to acquiesce to the purchase contract's rescission and retender the equipment.

¶3 After a jury-waived trial, the district court found that both parties were mutually mistaken about the backhoe's identity when the equipment was originally sold. The trial court then concluded that although Bank breached an *express warranty* about the backhoe's model year, buyer suffered no consequential damages because the backhoe was worth its original purchase price.

¶4 The Court of Civil Appeals [COCA] reversed the damage award below, conclud-

---

1. 12A O.S.1991 §§ 2–101 et seq.; all section references in the text are to 12A O.S.

2. At the time Bank foreclosed its security interest, it believed its collateral to be a 1990 Case model 580K backhoe. Although the backhoe had a serial number and a mechanism for measuring the number of hours which it had been in use, it did not have a certificate of title which would have disclosed a model year.

3. *See* record p. 54. Also, the Bill of Sale provided by Bank evidences that Goodwin purchased a 1990 model Case backhoe. *See* record p. 57.

ing that the trial court applied the wrong measure of damages. The COCA held that damages should have been measured by the difference between the values of a 1987 and 1990 model backhoe. We granted certiorari to test the correctness of the COCA's legal analysis in reaching its conclusion that damages were available to Buyer.

## II

### THE SALES TRANSACTION IN ISSUE IS GOVERNED BY THE UNIFORM COMMERCIAL CODE AS ENACTED IN OKLAHOMA

¶ 5 Assuming, without deciding, that, as contended by Bank, it did properly preserve for review the issue whether it breached an express warranty, we hold that the judgment below on the express warranty issue was correct. The transaction in issue is governed by Art. 2, Uniform Commercial Code, since it is clearly a sale of goods within the Code's contemplation.[4]

¶ 6 Seller primarily relies on pre-Code case law and the terms of § 1–103[5] to support its argument that it made no express warranty. We find the argument is unpersuasive[6] under the case's facts. Section 2–313 provides the controlling rule when in pertinent part it states:

(1) Express warranties by the seller are created as follows:

\* \* \*

(b) *Any description* of the goods which is made part of the basis of the bargain creates an express warranty that the goods *shall* conform to the description. [Emphasis added.]

The Code's definition of *express warranty* is more inclusive than that found at the common law, encompassing as it does many aspects of the common law's concept of implied warranty by description.[7] While Bank did not either orally or in writing specifically warrant that the backhoe in issue was a 1990 model, precise language of warranty is not necessary under the Code. It is sufficient, and the record evidences, (1) that Bank represented—although mistakenly—the model year of the backhoe to be 1990 and (2) that Goodwin *seriously considered* the backhoe's model year in deciding whether to buy it and at what price, i.e., made the model year a part of the *basis of his bargain.*[8] Hence, the trial court's conclusion that Bank had breached an express warranty is neither wrong as a matter of law nor clearly contrary to the weight of the evidence.

¶ 7 When the U.C.C. is applicable and a seller's tender of goods fails to conform to the contract, the Code identifies *three* avenues of recourse for the buyer. *See* § 2–601.[9] Contrary to Bank's assertion, the buyer is not limited to return of the non-conforming backhoe and a refund of the sale's price as his sole remedy. Here, upon Goodwin becoming aware that the delivered back-

---

4. A "sale" is defined as "the passing of title from the seller to the buyer for a price." § 2–106(1).

5. The terms of § 1–103 are:
   Unless displaced by the particular provisions of this Act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, . . ., mistake . . . or other validating or invalidating cause shall supplement its provisions.

6. All contrary pre-existing Oklahoma law has been replaced by the Code. *Perry v. Lawson Ford Tractor Co.*, 1980 OK 90, 613 P.2d 458, 462 (1980).

7. *See* Charles A. Heckman, *"Reliance" or "Common Honesty of Speech"; The History and Interpretation of Section 2–313 of the Uniform Commercial Code*, 38 Case W.Res.L.Rev. 1, 5–8 (1987).

8. There is implicit in the trial court's decision—that Bank breached an express warranty of the backhoe's model year—a finding that Goodwin's pre-sale inspection of the equipment would not reasonably have apprized him of the backhoe's correct model year. The record is sufficient to sustain such a finding.

9. The terms of § 2–601 are:
   Subject to the provisions of this Article on breach in installment contracts (Section 2–612) and unless otherwise agreed under the sections on contractual limitations of remedy (Sections 2–718 and 2–719), if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may
   (a) reject the whole; or
   (b) *accept the whole;* or
   (c) accept any commercial unit or units and reject the rest. [Emphasis added.]

hoe was not the model represented, he elected to retain the goods which he had already accepted and seek monetary damages—a course of action which is explicitly authorized by § 2–601(b).

¶ 8 Assuming that Goodwin timely notified Bank of the non-conformity, the Code specifies how to measure his damages for breach in regard to the accepted goods. *See* § 2–714.[10] The measure of damages which was used by the trial court does not comport with the Code's requirements. The correct measure of damages is the difference in value between a 1987 Case (model 580K) backhoe and a 1990 model of the same type and caliber equipment.

¶ 9 The record is inconclusive about the values of the respective models. Hence, the cause is remanded to the district court to make the requisite evidentiary findings and to determine buyer's damages in a manner consistent with today's pronouncement.

### III

### GOODWIN IS ENTITLED TO RECOVER HIS APPEAL–RELATED ATTORNEY FEE AND COSTS IF, UPON REMAND, THE TRIAL COURT AWARDS MONEY DAMAGES FOR THE BANK'S BREACH OF WARRANTY

■■■ ¶ 10 The prevailing party[11] in an action to recover damages for breach of an express warranty made under the terms of § 2–313 is statutorily entitled to receive a

reasonable attorney fee which shall be taxed as costs in the action.[12] Whenever a statute authorizes a counsel-fee award in the trial of a matter, additional fees may be allowed to the prevailing party for legal services rendered in the appellate court.[13] In the event that upon remand Goodwin prevails below, he will be entitled to recover his attorney fees incurred in this appeal as well as any counsel-fee award below—all to be determined by the trial court.[14]

### IV

### SUMMARY

■■■ ¶ 11 Where, as here, the transaction falls within the Uniform Commercial Code's purview and the Code's provisions afford a complete remedial scheme for the issues presented, resort to the common law is unnecessary. Bank's representation of the backhoe's model year (to the buyer) creates an express warranty which was breached with the tender of the non-conforming unit. Once it was decided that a breach of an express warranty (as defined by the Code's provisions) had occurred, it became incumbent upon the trial court to measure the buyer's damages in the manner prescribed by the Code, i.e., by determining the difference in value between a similarly equipped 1987 and 1990 Case 580K backhoe. This it did not do and, hence, the case is remanded to the district court to recompute Goodwin's damages in accordance with § 2–714's terms. Upon certiorari previously granted, the COCA'S opinion is vacated; the district court's judgment is affirmed

---

10. The pertinent terms of § 2–714 are:
    (1) Where the buyer has accepted goods and given notification ... he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.
    (2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted....

11. A prevailing party is one in whose favor judgment was rendered. *Associates Financial Services v. Millsap*, 1977 OK 157, 570 P.2d 323, 326 (1977). Because today's ruling remands the cause for determination of the amount of damages, if any, due Goodwin, the action is not

terminated and judgment cannot be said to have been rendered.

12. The pertinent terms of 12 O.S.1991 § 939 are:
    In any civil action brought to recover damages for breach of an express warranty or to enforce the terms of an express warranty made under Section 2–313 of Title 12A of the Oklahoma Statutes, against the seller ..., the prevailing party shall be allowed a reasonable attorney fee to be set by the court, which shall be taxed and collected as costs.

13. *Sisney v. Smalley*, 1984 OK 70, 690 P.2d 1048, 1051 (1984).

14. *Carpet World, Inc. v. Riddles*, 1987 OK 42, 737 P.2d 939, 941 (1987).

in part and reversed in part; and the cause is remanded for further proceedings not inconsistent with today's pronouncement.

¶ 12   KAUGER, C.J., and LAVENDER, HARGRAVE, OPALA and WILSON, JJ., concur.

¶ 13   SUMMERS, V.C.J., and SIMMS and WATT, JJ., dissent.

¶ 14   HODGES, J., disqualified.

