STATE ex rel. HARRIS v. THREE HUNDRED TWENTY FIVE THOUSAND AND EIGHTY DOLLARS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. HARRIS v. THREE HUNDRED TWENTY FIVE THOUSAND AND EIGHTY DOLLARS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. HARRIS v. THREE HUNDRED TWENTY FIVE THOUSAND AND EIGHTY DOLLARS
2021 OK 16
Case Number: 117737; Comp.w/116875
Decided: 04/06/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 16, __ P.3d __

 



 

STATE OF OKLAHOMA, EX REL, TIM HARRIS, D.A., Plaintiff/Appellee,
v.
THREE HUNDRED AND TWENTY FIVE THOUSAND AND EIGHTY DOLLARS ($325,080.00) Defendant,
AUSTIN HINGEY, Claimant/Appellant.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION I
The Honorable Caroline Wall, Trial Judge, Tulsa County, Oklahoma

¶0 In April of 2014, Tulsa police officers seized cash from the claimant/appellant, Austin Hingey, pursuant to three search warrants relating to alleged drug sales. As a result of the seizures, the State filed three forfeiture cases. The first case concerned $2,121.00 seized from Hingey's wallet during a search. The second case concerned $5,530.00 seized at Hingey's sister's house. The last case, CV-2014-558, concerned $325,080.00 found in a storage unit. The criminal charges against Hingey were resolved through a plea agreement and are not at issue in this cause. Hingey objected to the forfeitures and sought return of the money. The trial court consolidated the cases. The State dismissed the case concerning the $5,530.00 during trial. The jury returned a verdict determining that the $2,121.00, and $25,080.00 of the $325,080.00, should also be returned to Hingey. Subsequently, Hingey sought recovery of his attorney fees pursuant to 63 O.S. Supp. 2016 §2-506, which became effective November 1, 2016. The trial court limited the award of attorney fees to those incurred only after November 1, 2016, and then awarded Hingey approximately 10% of his requested attorney fees because he recovered approximately 10% of what he originally sought to recover. Hingey appealed and the Court of Civil Appeals affirmed in part and reversed in part. It determined that the trial court should have applied the attorney fee statute retroactively. We granted certiorari and hold that: 1) 63 O.S. Supp. 2016 §2-506 applies retroactively; 2) the trial court abused its discretion in awarding attorney fees based on the percentage of the amount of money recovered compared to the amount sought to be recovered; and 3) the claimant is also entitled to appeal related attorney fees.

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS OPINION VACATED;
TRIAL COURT REVERSED; AND CAUSE REMANDED WITH INSTRUCTIONS.

Mark D. Lyons, Tulsa, Oklahoma. for Claimant/Appellant.
James D. Dunn, Assistant District Attorney, Tulsa County District Attorney's Office, Tulsa, Oklahoma, for Plaintiff/Appellee.


KAUGER, J.: 
¶1 On October 12, 2020, the Court granted certiorari in the above styled and numbered cause, which is a companion case to No. 116,875 [neglect of police to file original search warrant with the clerk in civil forfeiture]. On February 8, 2021, the Court voted to withdraw certiorari as improvidently granted in No. 116,875.
¶2 This cause, No. 117,737, concerns the recovery of attorney fees in a forfeiture when a claimant has successfully recovered a portion of the forfeiture property. The issues presented on certiorari are whether: 1) 63 O.S. Supp. 2016 §2-506[1] can be applied retroactively to allow recovery of attorney fees before it became effective November 1, 2016; 2) the trial court abused its discretion in awarding attorney fees based on a percentage of the amount of funds recovered compared to the amount sought to be recovered; 3) appellant is entitled to appeal related attorney fees as well. We hold that:1) 63 O.S. Supp. 2016 §2-506 applies retroactively; 2) the trial court abused its discretion in awarding attorney fees based on the percentage of the amount of money recovered compared to the amount sought to be recovered; and 3) the claimant is also entitled to appeal related attorney fees.
FACTS AND PROCEDURAL HISTORY
¶3 In April of 2014, Tulsa Police Officers (Officers) executed search warrants for residences located at 314 S. Trenton Avenue (Trenton residence), and 230 S. Richmond Avenue (Richmond residence) in Tulsa, Oklahoma. An informant allegedly purchased marijuana from the claimant/appellant, Austin Hingey (Hingey), while inside the Trenton residence. Hingey was remodeling the Trenton residence which was owned by his sister.
¶4 While at the Trenton residence, the officers observed marijuana, scales, and packaging materials in plain sight, and discovered $2,121.00 in Hingey's wallet. An open safe located in the house also contained marijuana and mushrooms. Marijuana brownies, marijuana butter, and marijuana candy were also found in the refrigerator. The officers arrested Hingey.
¶5 Hingey lived at the Richmond residence, where officers found a small bag containing $5,050.00 and $480.00 in a bedroom. During the search, officers also located a rent adjustment notice for unit #26 from A-AAA Key Mini Storage in the name of Nicholas Hingey with the Richmond residence listed as the billing/mailing address. The rent adjustment was postmarked April 30, 2014. Nicholas Hingey is the claimant's brother, and the claimant is the only other person authorized to access the storage unit.
¶6 Later that same day, the officers presented the owner/operator of A-AAA Key Mini Storage of Tulsa, Oklahoma, with a signed Tulsa County Search Warrant for storage unit #26. Officers searched unit #26 and discovered two large cardboard boxes with multiple envelopes of cash totaling $325,080.00. They also discovered a large bag of marijuana weighing over twenty pounds as well as mushrooms, seeds, packing materials, mailing labels, and seven unknown orange pills.
¶7 As a result of the seizures, the State filed three forfeiture cases in May of 2014, against Hingey in the Tulsa County District Court: Case Number CV-2014-555; CV-2014-557; and CV-2014-558. The first case, CV-2014-555, concerned the $2,121.00 the State seized from Hingey's wallet during the first search. The second case, CV-2014-557, involved the $5,530.00 the State seized at Hingey's sister's house. The last case, CV-2014-558, was about the $325,080.00 found in the storage unit. Hingey answered and objected to the forfeitures and sought return of the money.
¶8 The trial court consolidated the cases on August 4, 2015. The State resolved the criminal proceedings against Hingey through a plea agreement which is not at issue in this cause. The forfeiture cause proceeded to a jury trial on February 5-8th, 2018. Hingey testified and presented some evidence at trial that the money was not from drug sales, but rather, was his savings from teaching dance lessons and various contract/remodel and/or other odd jobs. At the conclusion of its case in chief, the State dismissed the forfeiture of the $5,530.00 it had seized at the Richmond residence so that it could be returned to Hingey. The jury returned verdicts for the return of the $2,121.00 seized from Hingey's wallet at the Trenton residence, and for $25,080.00 of the $325,080.00 seized from storage unit #26.
¶9 The trial court entered and filed journal entries on the verdicts on February 22, 2018. On February 28, 2018, Hingey filed an application for attorney fees and costs, seeking $43,855.00 in attorney fees plus $1,002.98 in costs for a total of $44,857.98, as well as interest on the seized funds. The trial court, on January 3, 2019, issued a final order and judgment. It determined that 63 O.S. Supp. 2016 §2-506,[2] which became effective November 1, 2016, allowed a claimant to recover attorney fees only after that date. It held that, in addition to successfully recovering $25,080.00 of the $325,080.00 seized:
1) Hingey was the prevailing party in the dismissed $5,530.00 cause and entitled to attorney fees;
2) the jury found for Hingey in the $2,120.00 cause, also entitling him to attorney fees; and
3) no attorney fees were available related to Hingey's unsuccessful summary judgment motion which was denied.
¶10 The trial court's "math" was as follows. Attorney fees claims of $5,718.75, which were incurred prior to November, 1, 2016, were excluded, as was $4,543.75 which were related to Hingey's denied summary judgment motion. [$10,262.50 total]. This left $36,505.00 from the total of $46,767.50 which was requested. Because Hingey ultimately prevailed on recovering a total of $32,731.00 of the $332,731.00 total taken by the State, the trial court concluded that he was successful in recovering approximately 10% of what was seized. Accordingly, the trial court awarded Hingey 10% of $36,505.00 which was $3,650.00.
¶11 The trial court also calculated pre-judgment interest for 2016, 2017, and 2018, as well as litigation costs for a total award of $4,164.36. Hingey filed an appeal on February 4, 2019, primarily objecting to the way the trial court awarded only 10% of what he requested because he recovered 10% of what he sought. The cause was assigned to the Court of Civil Appeals.
¶12 On June 26, 2020, the Court of Civil Appeals, in an unpublished opinion affirmed the trial court in part, reversed the trial court in part, and reversed and remanded with instructions. It recognized that it has affirmed the companion case No. 116,875 on appeal. It held that: 1) the trial court's "novel" approach to awarding 10% was not clearly erroneous, given the amount of forfeiture and the amount Hingey recovered; but 2) the trial court should have applied the attorney fee statute retroactively, thus Hingey is entitled to an additional 10% prior to November 1, 2016.
¶13 On July 20, 2020, Hingey filed a petition for certiorari in this Court, and on July 27, 2020, he filed a separate motion for appeal related attorney fees. We granted certiorari in this cause on October 12, 2020, to determine the first impression question of whether 63 O.S. Supp. 2016 §2-506 applies retroactively, and whether the calculation of attorney fees based on a percentage of the recover is in accordance with Burk v. Oklahoma City, 1979 OK 115, 598 P.2d 659.
I.
TITLE 63 O.S. SUPP. 2016 §2-506 APPLIES RETROACTIVELY.
¶14 Hingey argues that even though the applicable attorney fee statute, 63 O.S. Supp. §2-506 became effective November 1, 2016,[3] the trial court should have applied it retroactively. The State does not dispute Hingey's argument. It states that "the State does not object to this Court remanding this matter to the trial court to" include fees incurred prior to the effective date of the statute's enactment.
¶15 We agree that the statute should be applied retroactively. Ordinarily, statutes and amendments are to be construed to operate only prospectively, unless the Legislature clearly expresses a contrary intent.[4] If doubt exists, it is resolved against retroactive effect.[5] Nevertheless, we explained in Forest Oil Corp. v. Corp. Comm'n of Oklahoma, 1990 OK 58, ¶ 11, 807 P.2d 774, a case involving the application of a statute which delineated proper parties and specified who was entitled to notice of proceedings, that the general rule notwithstanding:
. . . [R]emedial or procedural statutes which do not create, enlarge, diminish, or destroy vested rights may operate retrospectively, and apply to pending actions or proceedings. A purely procedural change is one that affects the remedy only, and not the right.. . .
¶16 In Qualls v. Farmers, 1981 OK 61, ¶4, 629 P.2d 1258, we held that portion of an insurance offer of settlement statute relating to the awarding attorney fees to the prevailing party is to be construed as operating retrospectively. We reached this conclusion because the taxing of attorney fees relates to a mode of procedure. Consequently, because the taxing of attorney fees pursuant to 63 O.S. Supp. §2-506,[6] is nothing more than a mode of procedure in this cause, the statute applies retroactively.
II.
THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING
ATTORNEY FEES BASED ON THE PERCENTAGE OF THE AMOUNT
OF MONEY RECOVERED COMPARED TO THE AMOUNT SOUGHT
TO BE RECOVERED.
¶17 The standard of review for the award of attorney fees by the trial court is for an abuse of discretion.[7] The State argues that the trial court's method of awarding 10% of the amount recovered as the award of attorney fees was not clearly erroneous. Hingey argues that such a method deviates inequitably from other methods this Court has set forth to calculate attorney fees. Even though we have not previously interpreted the statute, we are not the first court to do so.
¶18 The Washington Supreme Court, in Guillen v. Contreras, 169 Wash. 2d 769, 771-72, 238 P.3d 1168, 1169-70 (2010) noted that forfeiture statutes were adopted to protect the people from having their property wrongfully seized by the government. The purpose of the addition of the attorney fee provision was to provide greater protection to people whose property is seized. "Read in terms of citizens' rights threatened by the State's power, the statute should be read as granting fees when the claimants receive substantial relief--something more than nominal--as opposed to receiving half or more of what they sought." In other words, a claimant need not "prevail" on the entire claim or prevail in the main, to recover attorney fees under such a statute.
¶19 We agree with the Washington Court's rationale, even though 63 O.S. Supp. 2016 §2-506, uses the terms "prevails" and "prevailed," it is not a "prevailing party" statute because only the claimant, not the State, may recover fees and costs if any seized money is recovered.[8] It does, however, require that the reasonable attorney fees be "directly related to the claim on which the defendant or claimant prevailed."[9] This does not equate to mean that a reasonable attorney fee to award is merely a percentage equivalent to the amount the claimant prevailed in recovering. It is based on what they sought, not what they got.
¶20 Clearly, reasonable attorney fees must relate to the amount the claimant prevailed. Nevertheless, the problem with using a percentage of the amount recovered, like the trial court used in this cause, is that unlike other types of lawsuits where the "damages" must be determined, the amount the claimant is seeking to recover is always a finite amount determined purely by what was forfeited. It may not relate at all to the time and work required to recover it on behalf of a claimant.
¶21 It is not unusual for the attorney fee to exceed the amount recovered by the litigants.[10] An example where the work does not necessarily reflect the amount recovered is found in Spencer v. Okla. Gas & Electric, 2007 OK 76, ¶20, 171 P.3d 890. Spencer involved the dispute over $484.00 which the company argued was outstanding, and the customer argued had been paid in full. After a year of litigation, the company confessed judgment for $5,000.00. When the customer's attorney sought $8,775.37 in attorney fees and costs, the trial court only awarded $2500.00 because the amount recovered was only $5000.00. Although the trial court listed, as part of its consideration, the Burk, supra, factors, we held that the failure to follow the directives of Burk, supra, in setting the attorney fees, and to make an award consistent with the evidence presented constituted an abuse of discretion requiring reversal.
¶22 In Spencer, supra, we said:
¶13 A trial court's attorney fees award is reviewed for abuse of discretion. An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling. Generally, the correct formula for calculating a reasonable fee is to: 1) determine the compensation based on an hourly rate; and 2) enhance the fee through consideration of the factors outlined in Burk v. Oklahoma City, 1979 OK 115, 598 P.2d 659 (Burk factors). In all cases, the attorney fees must bear some reasonable relationship to the amount in controversy.
¶14 The factors set out in Burk v. Oklahoma City are: time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service; preclusion of other employment; customary fee; whether the fee is fixed or contingent; time limitations; amount involved and results obtained; experience, reputation and ability of the attorneys involved; risk of recovery; nature and length of relationship with the client; and awards in similar causes. An attorney seeking an award must submit detailed time records and offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices. Thereafter, steps are taken to determine a reasonable fee. First, from the detailed time records, a lodestar fee is arrived at by multiplying the attorney's hourly rate by the hours expended. Second, the fee may be enhanced by application of the Burk factors. Finally, any fee so calculated is subject to the rule that it must be reasonable and bear some reasonable relationship to the amount in controversy. (Footnotes omitted.)
¶23 We also cautioned trial court judges to set forth with specificity the facts, and computation to support an award. In Spencer, supra, the trial court listed the Burk factors in making its ruling, but there was no evidence that guidelines, other than the comparison of the fee to the amount recovered played any real role in setting the $2,500.00 attorney fees award. No baseline was arrived at from either Spencer's detailed time records or the draft records offered by the electric company. The awarded fee did not result from the multiplication of an hourly rate, based on evidence presented, times the hours expended. Simply, the trial court awarded the fee based on a determination that the cause was never worth more than $5,000.00, and that it would not support an award of more than $2,500.00 in attorney fees. The award did not comport with the guidelines of Burk v. Oklahoma City, 1979 OK 115, 598 P.2d 659, and we reversed and remanded the cause.
¶24 The same rationale applies to this cause. It appears that the trial court based its award on a determination the claimant only recovered 10% of what was seized and thus should have been only entitled to 10% of his attorney fees. While the amount recovered is one factor to consider,[11] a reasonable attorney's fee should be determined on remand in accordance with an appropriate balancing of the guidelines delineated in State ex rel. Burk v. City of Oklahoma City, 1979 OK 115, ¶ 3, 598 P.2d 659.[12]
 
III.
THE CLAIMANT IS ENTITLED TO APPEAL RELATED ATTORNEY FEES.
¶25 The original right to appeal-related attorney fees is established in the appellate court.[13] These fees are recoverable if statutory authority exists for their award in the trial court.[14] Title 63 O.S. Supp. 2016 §2-506 unambiguously allows a claimant to recover attorney fees.[15] The claimant successfully prevailed on appeal of this cause concerning the amount of the attorney fee awarded by the trial court. Accordingly, the claimant is entitled to recover for legal services rendered on this appeal, the amount to be determined by the trial court on remand.
CONCLUSION
¶26 Normally, attorney fees cannot be recovered unless they are imposed by statute or by contract.[16] Attorney fees in forfeiture actions are authorized by 63 O.S. Supp. 2016 §2-506.[17] These fees are determined by the sound legal discretion of the district court.[18] They are awarded from the proceeds of the forfeiture property recovered to compensate lawyers who render services for, or on behalf of, the claimants who had their property wrongfully seized by the State.
¶27 Although attorney fees must be directly related to the claim on which the claimant prevails, this does not mean that reasonable attorney fees are merely a percentage equivalent to the amount claimant sought to recover. Unless, an award comports with the guidelines of Burk v. Oklahoma City, 1979 OK 115, 598 P.2d 659, we will reverse and remand the cause to be evaluated with specificity under Burk, supra. Because an attorney fee statute is procedural in nature, it may be applied retroactively.[19] Furthermore, because attorney fees are allowed in the trial court, pursuant Qualls v. Farmers, 1981 OK 61, ¶4, 629 P.2d 1258, they are allowable on appeal. The cause is remanded to the trial court to determine the amount of trial and appeal related attorney fees.
CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS OPINION VACATED;
TRIAL COURT REVERSED; AND CAUSE REMANDED WITH INSTRUCTIONS.
DARBY, C.J., KAUGER, WINCHESTER, EDMONDSON, COMBS, GURICH, JJ., concur.
KANE, V.C.J. (by separate writing) and ROWE, J. (by separate writing) concur in part and dissent in part.

FOOTNOTES

[1] Title 63 O.S. Supp. 2016 §2-506 provides in pertinent part:
S. In any forfeiture proceeding under this chapter in which the defendant or claimant prevails, the court may order the plaintiff processing the seizure and forfeiture to pay from funds generated by seizure and forfeiture actions:
1. Reasonable attorney fees and other litigation costs reasonably incurred by the defendant or claimant directly related to the claim on which the defendant or claimant prevailed;
2. Postjudgment interest; and
3. In cases involving currency or other negotiable instruments:
a. interest actually paid to the state from the date of seizure or arrest of the property that resulted from the investment of the property in an interest-bearing account or instrument, and

b. an imputed amount of interest that such currency, instruments, or proceeds would have earned at the rate applicable to the thirty-day Treasury Bill, for any period during which no interest was paid, not including any period when the property reasonably was in use as evidence in an official proceeding or in conducting scientific tests for the purpose of collecting evidence, commencing fifteen (15) days after the property was seized by a law enforcement agency or was turned over to a law enforcement agency by a federal law enforcement authority.

[2] Title 63 O.S. Supp. 2016 §2-206, see note 1, supra.

[3] Title 63 O.S. Supp. 2016 §2-506, see note 1, supra.

[4] Anagnost v. Tomecek, 2017 OK 7, ¶14, 390 P.3d 707; Forest Oil Corp. v. Corp. Comm'n of Oklahoma, 1990 OK 58, ¶ 11, 807 P.2d 774; Welch v. Armer, 1989 OK 117, ¶ 27, 776 P.2d 847.

[5] Anagnost v. Tomecek, see note 4, supra; Forest Oil Corp. v. Corp. Comm'n of Oklahoma, see note 4, supra.

[6] Title 63 O.S. Supp. 2016 §2-506, see note 1, supra.

[7] See discussion of Spencer v. Okla. Gas & Electric, 2007 OK 76, ¶20, 171 P.3d 890, page 13, infra,

[8] Title 63 O.S. Supp. 2016 §2-506, see note 1, supra.

[9] Title 63 O.S. Supp. 2016 §2-506, see note 1, supra.

[10] In Spencer v. Okla. Gas & Electric, 2007 OK 76, ¶24, 171 P.3d 890, we noted that in:
Southwestern Bell Telephone Co. v. Parker Pest Control, Inc., 1987 OK 16, ¶17, 737 P.2d 1186, we approved a $3,000 fee award for a suit in which the plaintiff sought $3,867 and the defendant confessed judgment for $1,500. In Arkoma Gas Co. v. Otis Engineering Corp., 1993 OK 27, ¶6, 849 P.2d 392, we affirmed a fee award of $5,500 in a breach of warranty case in which the plaintiff sued for more than $70,000 and ultimately recovered only $100.31 Clearly, the allowance awarded in the instant case is within the range of fees in relation to damages previously approved by this Court.

[11] A multitude of factors are to be considered, only one of which is that the attorney fees bear some reasonable relationship to the amount in controversy. Spencer v. Okla. Gas & Electric, 2007 OK 76,¶20, 171 P.3d 890; Hess v. Volkswagen of America, Inc., 2014 OK 111, ¶35, 341 P.3d 662; Tibbetts v. Sight N' Sound Appliance Cntrs., Inc., 2003 OK 72, ¶4, 77 P.3d 1042; Arkoma Gas Co. v. Parker Pest Control, Inc, 1993 OK 27, 849 P.2d 392; Southwestern Bell Telephone Co. v. Parker Pest Control, Inc., 1987 OK 16, ¶17, 737 P.2d 1186.

[12] Applying these factors properly will resolve the claimant's concerns that the trial court ignored the fact that the State prosecuted one of the causes for four years before dismissing it at the conclusion of their case in chief, and that the trial court did not consider the amount of attorney fees required to file and prosecute the attorney fee application. Consequently, we need not address those as separate errors on appeal.

[13] King v. King, 2005 OK 4, ¶28, 107 P.3d 570; GRP of Texas, Inc. v. Eateries, Inc., 2001 OK 53, ¶ 6, 27 P.3d 95; Chamberlin v. Chamberlin, 1986 OK 30, ¶ 14, 720 P.2d 721.

[14] Goodwin v. Durant Bank & Trust Co., 1998 OK 3, ¶ 10, 952 P.2d 41; McCormack v. Town of Granite, 1996 OK 19, ¶ 6, 913 P.2d 282; Sisney v. Smalley, 1984 OK 70, ¶ 20, 690 P.2d 1048.

[15] Title 63 O.S. Supp. 2016 §2-506, see note 1, supra.

[16] Adams v. Unterkircher, 1985 OK 96, ¶9, 714 P.2d 193.

[17] Title 63 O.S. Supp. 2016 §2-206, see note 1, supra.

[18] Title 63 O.S. Supp. 2016 §2-206, see note 1, supra.

[19] Forest Oil Corp. v. Corp. Comm'n of Oklahoma, 1990 OK 58, ¶ 11, 807 P.2d 774.




KANE, V.C.J., concurring in part and dissenting in part:
(1 I concur by reason of stare decisis in the holding that the attorney fee statute, 63 O.S.Supp.2016 ( 2-506, is to be applied retroactively. See Qualls v. Farmers Ins. Co. Inc., 1981 OK 61, 629 P.2d 1258. I dissent from the holding that the trial court abused its discretion in applying a percentage to the amount recovered in this specific case.




ROWE, J., concurring in part, dissenting in part:
¶1 I dissent to the majority's holding that 63 O.S.Supp.2016 § 2-506 applies retroactively to allow a reasonable attorney fee to a claimant who prevails in a forfeiture proceeding.
¶2 Under the general rule, statutes and amendments are to be construed to operate prospectively unless the Legislature clearly expresses a contrary intent. Anagnost v. Tomecek, 2017 OK 7, ¶ 14, 390 P.3d 707, 711-12. There is no legislative intent in § 2-506 for retroactive application, which can be inferred from the majority's application of the general rule's exception:
Remedial or procedural statutes which do not create, enlarge, diminish or destroy vested rights and which relate only to remedies or modes of procedure are generally held to operate retroactively and to apply to pending actions or proceedings, unless such operation would affect substantive rights.
Thomas v. Cumberland Operating Co., 1977 OK 164, ¶ 4, 569 P.2d 974, 976.
¶3 The majority does not address whether § 2-506 creates, enlarges, diminishes or destroys a vested right, nor does the majority properly analyze whether § 2-506's retroactive application in this forfeiture proceeding affects a substantive right. Instead, the majority's holding that § 2-506 applies retroactively is based on the conclusion that "the taxing of attorney fees pursuant to § 2-506 is nothing more than a mode of procedure in this case," relying on Qualls v. Farmers, 1981 OK 61, ¶ 4, 629 P.2d 1258.
¶4 I agree that § 2-506 is a procedural statute and that the taxing of an attorney fee and costs is generally a mode of procedure. However, for purposes of determining retroactive application of § 2-506(S), all of the statute's delineated items of recovery must be considered to determine the applicability of the general rule's exception.
¶5 Because there is no clear legislative intent for retroactive application, doubt must be resolved in favor of § 2-506(S)'s prospective operation.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 16, 737 P.2d 1186, 58 OBJ 456, Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.
Discussed at Length
 1989 OK 117, 776 P.2d 847, 60 OBJ 1618, Welch v. Armer
Discussed
 1998 OK 3, 952 P.2d 41, 69 OBJ 258, GOODWIN v. THE DURANT BANK & TRUST COMPANY
Discussed
 1990 OK 58, 807 P.2d 774, 61 OBJ 1765, Forest Oil Corp. v. Corporation Com'n of Oklahoma
Discussed at Length
 1993 OK 27, 849 P.2d 392, 64 OBJ 957, Arkoma Gas Co. v. Otis Engineering Corp.
Discussed at Length
 2001 OK 53, 27 P.3d 95, 72 OBJ 1938, GRP OF TEXAS, INC v. EATERIES, INC.
Discussed
 2003 OK 72, 77 P.3d 1042, TIBBETTS v. SIGHT 'n SOUND APPLIANCE CENTERS, INC.
Discussed
 2005 OK 4, 107 P.3d 570, KING v. KING
Discussed
 1996 OK 19, 913 P.2d 282, 67 OBJ 619, McCormack v. Town of Granite
Discussed
 2007 OK 76, 171 P.3d 890, SPENCER v. OKLAHOMA GAS & ELECTRIC COMPANY
Discussed at Length
 2014 OK 111, 341 P.3d 662, HESS v. VOLKSWAGEN OF AMERICA, INC.
Discussed
 1977 OK 164, 569 P.2d 974, THOMAS v. CUMBERLAND OPERATING CO.
Discussed
 2017 OK 7, 390 P.3d 707, ANAGNOST v. TOMECEK
Discussed at Length
 1979 OK 115, 598 P.2d 659, STATE EX REL. BURK v. CITY OF OKLAHOMA CITY
Discussed at Length
 1981 OK 61, 629 P.2d 1258, Qualls v. Farmers Ins. Co., Inc.
Discussed at Length
 1984 OK 70, 690 P.2d 1048, Sisney v. Smalley
Discussed
 1985 OK 96, 714 P.2d 193, 56 OBJ 2774, Adams v. Unterkircher
Discussed
 1986 OK 30, 720 P.2d 721, 57 OBJ 1415, Chamberlin v. Chamberlin
Discussed
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-506, Seizure of Property by Peace Officer - Notice - Filing of Verified Answer - Proceeds of Sale
Discussed at Length
 63 O.S. 2-206, Schedule II
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA