**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GRAIN DEALERS MUTUAL
INSURANCE COMPANY,

Plaintiff - Appellant,

v.

FARMERS ALLIANCE MUTUAL
INSURANCE COMPANY,

Defendant - Appellee.

No. 01-6313
(D.C. No. CIV-00-370-T)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **ALDISERT,**[**] and **EBEL**, Circuit Judges.

We must decide whether the district court erred in awarding Farmers Alliance

Mutual Insurance Company $30,615.25 in legal fees following judgment in its favor

against Grain Dealers Mutual Insurance Company. Grain Dealers Mut. Ins. Co. v.

Farmers Alliance Mut. Ins. Co., CIV-00-370-T (W.D. Okla. May 14, 2001). Because this

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**]Ruggero J. Aldisert, United States Circuit Judge, United States Court of Appeals
for the Third Circuit, sitting by designation.

appeal by Grain Dealers requires us to interpret an Oklahoma statute, the standard of review is de novo. See Stauth v. Nat'l Union Fire Ins. Co. of Pittsburgh, 236 F.3d 1260, 1263 (10th Cir. 2001).

The district court entered an order granting Farmers' motion for summary judgment and denying Grain Dealers' motion for partial summary judgment. Applying Oklahoma law in a diversity action, the district court held that the business pursuits and pollution exclusions in the Farmers policies for 1996 and 1998 excused Farmers from defending McQuary in an Oklahoma state court. On appeal, we affirmed. Grain Dealers Mut. Ins. Co. v. Farmers Alliance Mut. Ins. Co., No. 01-6225, 2002 WL 1293042 (10th Cir. June 13, 2002).

After the summary judgment ruling in the district court, Farmers filed a Motion for Recovery of Legal Fees as the prevailing party under OKLA. STAT. tit. 36, § 3629, seeking $50,736.25 in attorney fees incurred in defense of this action. Grain Dealers opposed the motion, and argued that (1) the state statute did not apply to an action between two insurers to determine their relative responsibilities for the cost of defending common insureds, (2) Farmers did not satisfy the conditions of the statute to qualify as a "prevailing party," and (3) the amount of fees sought to be recovered were excessive. The district court granted Farmers' motion, but awarded only $30,615.25 in attorney fees. This appeal followed.

The relevant Oklahoma attorney fees statute provides, in part:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement.

OKLA. STAT. tit. 36, § 3629(B). Grain Dealers contends that the court erred because the statute "conditions an award of attorney fees on 'prevailing party' status" and also provides that the insurer is the prevailing party "where judgment does not exceed the written offer of settlement" made by the insurer. Appellant's Brief at 9-10. It argues that because Farmers rejected the claims made upon the McQuarys' policies, and did not provide them with a written settlement offer, Farmers failed to comply with the express conditions of OKLA. STAT. tit. 36, § 3629(B) and is thus ineligible for attorney fees. Grain Dealers emphasizes that Farmers' motion for attorney fees contains no evidence that Farmers made an offer of settlement to either McQuary or Grain Dealers. It contends that Farmers consistently "refused to acknowledge any responsibility to defend the McQuarys, and expressly refused requests to do so." Id.

By dipping into the attorney fees statute, selecting therefrom a single phrase that is favorable to its cause, and omitting a phrase militating against its interest, Grain Dealers has committed the common fallacy known variously as vicious abstraction[1], accent[2] or

---

[1] WILLIAM S. SAHAKIAN & MABEL LEWIS SAHAKIAN, IDEAS OF GREAT PHILOSOPHERS 15-16 (4th prtg. 1969).

[2] IRVING M. COPI & CARL COHEN, INTRODUCTION TO LOGIC 145-146 (9th ed. 1994).

suppressed evidence.[3] This occurs whenever an argument is stated as authority, and a relevant, damaging portion of that authority is intentionally or accidentally omitted. Grain Dealers argues that "an offer of settlement" is the sine qua non condition precedent to a request for attorney fees. It thus ignores the clear language of an alternate prerequisite, providing that the insurer may also satisfy the statute by "submit[ting] a . . . rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss." OKLA. STAT. tit. 36, § 3629(B). The predicate state lawsuit, Herman Pieratt v. Dowell Schlumberger, Inc., was filed on April 2, 1998. Appellee's Supp. App. at 10. By certified mail dated June 25, 1998, return receipt requested, Farmers notified its insured, Robert McQuary, "that there is no coverage or duty to defend the action involved herein pursuant to the terms of the policy." Id. at 14.

It is clear, therefore, that Farmers submitted a written rejection of the claim to its insured within ninety days, as required by the statute.

We conclude that Farmers complied with the strictures of the statute, and that an award of attorney fees by the district court was not inappropriate. Firstier Mortgage Co. v. Investors Mortgage Ins. Co., 930 F.2d 1508 (10th Cir. 1991) (holding that timely denial of coverage satisfies OKLA. STAT. tit. 36, § 3629(B)).

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

_____

[3] Jack L. Landau, *Logic for Lawyers,* 13 PAC. L. J. 59, 93-94 (1981).

The judgment of the court awarding attorney fees is AFFIRMED.

Entered for the Court


Ruggero J. Aldisert
Circuit Judge