OSCN Found Document:JP ENERGY MARKETING, LLC v. COMMERCE AND INDUSTRY INSUR. CO.

 

 
 

 
 JP ENERGY MARKETING, LLC v. COMMERCE AND INDUSTRY INSUR. CO.
2018 OK 11
Case Number: 115285; Cons. w/115281; 115293
Decided: 02/05/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 11, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

JP ENERGY MARKETING, LLC, a foreign corporation, Plaintiff/Appellee,
v.
COMMERCE AND INDUSTRY INSURANCE COMPANY, a foreign corporation; Defendant,

ALTERRA AMERICA INSURANCE COMPANY, a foreign corporation; NAVIGATORS INSURANCE COMPANY, a foreign corporation; BITCO GENERAL INSURANCE COMPANY, a foreign corporation, Defendants/Appellants.

ORDER AWARDING APPEAL RELATED ATTORNEY FEES

Â¶1 Plaintiff/Appellee JP Energy sought declaratory relief in the district court from Defendant/Appellant insurers Alterra, Navigators and BITCO after the insurers denied coverage and refused to provide Plaintiff with a defense in related litigation.[1] The trial court entered an order awarding summary judgment to JP Energy. The Court of Civil Appeals affirmed the trial court's decision. On September 25, 2017, we denied the insurers' petitions for certiorari, and issued an order approving the COCA opinion for publication styled JP Energy Mktg., L.L.C. v. Commerce and Indus. Ins. Co., et al., Case No. 115285, consolidated with 115,281 and 115293.

Â¶2 JP Energy subsequently filed a motion seeking appeal related attorney's fees and costs.[2] JP Energy maintains it is the prevailing party in the underlying declaratory judgment action and relies on 36 O.S.2011 Â§3629 as authority for such an award. JP Energy posits that it provided proof of loss when it requested insurers provided it with a defense and indemnity from any future losses associated with the Payne County fire. Section 3629 provides:

A. An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion by such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of such proof or the manner of any such completion or attempted completion.

B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

Â¶3 Although this Court has not yet rendered a decision on the aforementioned question, the federal courts have awarded attorney fees pursuant to 36 O.S.2011 Â§ 3629. The Tenth Circuit first examined prevailing party attorney fees in An--Son Corporation v. Holland--America Insurance Co., 767 F.2d 700 (10th Cir.1985). The Circuit Court concluded this Court had historically given Â§ 3629(B) a broad application. Id. at 703-704. The An-Son Court then concluded Â§ 3629 was applicable to declaratory judgment actions. Id. at 704. In doing so, the Circuit Court emphasized the importance of making an insured whole and rejected the insurer's argument that Â§ 3629 only applied to "first party actions where the insured has sustained a loss and the insurer rejects a claim made under the policy."[3]

Â¶4 Subsequently, in Stauth v. National Union Fire Ins. Co. of Pittsburgh, 236 F.3d 1260, (10th Cir. 2001), the Tenth Circuit held that "notification to Insurers of the existence of the [underlying lawsuits], followed by the institution of the declaratory judgment action when coverage under the 1996 Policies was denied, would be all that was necessary to satisfy a 'proof of loss' requirement."[4] Id. at 1265. By succeeding in the declaratory judgment action, Fleming was deemed the prevailing party under Â§ 3629(B). Id. at 1266. See also Atain Specialty Ins. Co. v. Tribal Constr. Co., No. CIV-11-1379-D, 2013 WL 3776621 (W.D. Okla. July 17, 2013) (finding an insurer entitled to attorney fees pursuant to Â§ 3629 after securing a declaratory judgment concluding it had no duty to defend or indemnify the insured.)[5]

Â¶5 We find the federal court decisions persuasive. Accordingly, JP Energy's motion for an appeal-related attorney's fee is granted. On remand, the trial court is directed to determine, in an adversarial hearing with notice, the amount of an attorney's fee to be awarded. 12 O.S.2011 Â§ 696.4(C).

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 5th DAY OF FEBRUARY, 2018.

/S/CHIEF JUSTICE

Â¶6 Combs, C.J., Gurich, V.C.J., Winchester, Edmondson, Colbert, Reif, JJ., concur.

Â¶7 Kauger, Wyrick, JJ., concur in part and dissent in part.

Wyrick, J., concurring in part and dissenting in part.
"I would deny both fees and costs."

FOOTNOTES

[1] Several landowners in Payne County brought suit against JP Energy associated with a fire caused during work on the Great Salt Plains Pipeline.

[2] In a reply brief filed on November 16, 2017, JP Energy withdrew its request for appellate costs.

[3] The An-Son opinion quoted the following language from 7C Appleman, Insurance Law and Practice Â§ 4691 (1979):

After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the rule laid down by these courts [which have denied recovery] should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses such action, compel him to bear the expense of such litigation, the insured is actually no better off financially then if he had never had the contract right mentioned above. (emphasis added).

[4] Citing Shadoan v. Liberty Mut. Fire Ins. Co., 1994 OK CIV APP 182, Â¶ 15, 894 P.2d 1140, 1144.

[5] Atain asserted that the proof of loss requirement in Â§ 3629 was met when the insured notifies the insurer of a lawsuit for which coverage is demanded, citing An-son, Stauth and Hambelton v. Canal Ins. Co., 405 P.App'x 321 (10th Cir.2001) (unpublished opinion) which quoted Dixson Produce, LLC v. Nat'l Fire Ins. Co. of Hartford, 2004 OK CIV APP 79, 99 P.3d 725.Â¶20. Ironically. counsel for Alterra in this case, who seeks to defeat JP Energy's request for attorney fees, also served as counsel for Atain which successfully sought and was awarded attorney fees.

Â