OSCN Found Document:NORTH STAR MUTUAL INSURANCE CO. v. ZIELNY

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 NORTH STAR MUTUAL INSURANCE CO. v. ZIELNY
2024 OK CIV APP 11
Case Number: 119695
Decided: 05/08/2023
Mandate Issued: 03/07/2023
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV

Cite as: 2024 OK CIV APP 11, __ P.3d __

 
NORTH STAR MUTUAL INSURANCE COMPANY, Plaintiff/Appellant,
v.
ASHLEY D. ZIELNY and JASON MICHAEL ZIELNY, Defendants/Appellees,
v.
MARY LYNNE HALL and SILVERSTONE CONSTRUCTION, LLC, Defendants.
APPEAL FROM THE DISTRICT COURT OF
KINGFISHER COUNTY, OKLAHOMA
HONORABLE PAUL K. WOODWARD, TRIAL JUDGE
REVERSED AND REMANDED WITH INSTRUCTIONS
Gerard F. Pignato, RYAN WHALEY, Oklahoma City, Oklahoma, for Plaintiff/Appellant
Kenyatta R. Bethea, HOLLOWAY, BETHEA & OTHERS, PLLC, Oklahoma City, Oklahoma, for Defendant/Appellee
JOHN F. FISCHER, JUDGE:
¶1 North Star Mutual Insurance Company appeals that portion of the district court's order denying its motion for attorney fees in this declaratory judgment action. The single issue presented by this appeal is whether North Star is entitled to attorney fees, as a matter of law, pursuant to 36 O.S.2011 § 3629(B). We hold that it is. That part of the order denying North Star's motion for attorney fees is reversed, and this case is remanded to determine the reasonable amount of attorney fees to be awarded North Star consistent with this Opinion.
BACKGROUND
¶2 North Star filed this action to determine whether the appraisal procedure in its homeowners insurance policy issued to Ashley and Jason Zielny had been triggered by the Zielnys' demand for a storm damage appraisal.[1] The Zielnys filed an answer and counterclaim, asserting that North Star undervalued their claim, and they sought to recover for breach of the insurance contract and bad faith refusal to settle their property loss. The district court granted North Star's motion for partial summary judgment on its claim, declaring that the Zielnys' demand did not require an appraisal according to the terms of the policy or Oklahoma law. The court also granted North Star's separate motion for partial summary judgment regarding the Zielnys' counterclaim. The Zielnys did not appeal either summary adjudication, and the time to appeal North Star's judgment has passed. Consequently, the facts in this case are established by the district court's summary adjudications. Depuy v. Hoeme, 1989 OK 42, n.23, 775 P.2d 1339, 1343 ("[A]fter the expiration of appeal time when no appeal has been taken, a judgment acquires the degree of finality requisite for the application of [the claim preclusion] doctrine.")(citations omitted). "An issue settled by the trial court and not urged as error on appeal becomes the settled law of the case and cannot be re-pressed on remand." Bank of Oklahoma v. Red Arrow Marina Sales & Serv., 2009 OK 77, ¶ 42, 224 P.3d 685, 701 (emphasis omitted) (footnote omitted).
¶3 On May 4, 2017, Ashley Zielny filed a claim with North Star for a loss resulting from wind and hail damage to the Zielnys' home on April 29, 2017. North Star hired an independent adjuster to assess the damage. The adjuster's initial estimate of the replacement cost value of the claim was $10,355.11. North Star accepted the claim and, after withholding certain amounts pursuant to the terms of the policy, made an initial actual cash value payment to the Zielnys on May 9, 2017, of $4,360.11. At the Zielnys' request, the adjuster made subsequent estimates for additional damage claimed on October 3, 2017, and February 21, 2018. After each of the adjuster's estimates, North Star promptly sent the Zielnys a check for the additional amount of the loss and within the time period required by section 3629(B). The adjuster's third and final estimate determined the replacement cost value of the total loss resulting from the April 2017 storm damage was $57,326.69. The Zielnys and North Star agreed to this replacement cost amount. North Star paid the actual cash value amount, withholding an amount authorized by the insurance policy until the work was completed.
¶4 After the Zielnys submitted their initial proof of loss, but before final determination of the cost of repairs covered by the policy, they hired a contractor who began working to repair the damage. In April of 2018, a dispute developed regarding the scope of the damage, the costs of the materials necessary to repair the damage, and the amount North Star had retained from its payments to the Zielnys pursuant to the "depreciation hold-back" terms of the policy. In addition, the Zielnys' contractor represented that all of the work had been completed and that the Zielnys were entitled to the retainage. North Star was not satisfied with the documentation and requested additional proof that the work had been completed. North Star's own inspection determined that the work had not been completed.
¶5 On April 29, 2018, the Zielnys' contractor emailed North Star a letter signed by Ashley Zielny demanding an appraisal pursuant to the procedure authorized by the policy.[2] The letter was undated. The appraisal demand was written by the Zielnys' contractor and disputed that the scope of work and the quality of the materials approved by North Star were sufficient to repair the damage to the Zielnys' home. On May 3, 2018, North Star mailed its response, pointing out that the appraisal procedure in the policy was only triggered when the parties failed to agree on the amount of the loss. Because the parties had agreed on the amount of the loss in February of 2018, North Star stated that appraisal was not appropriate "at this time," and that it was "not proceeding to Appraisal."
¶6 North Star filed a petition for declaratory judgment to resolve the disputed appraisal issue on June 28, 2018. North Star named the Zielnys and their contractor SilverStone as defendants. On August 22, 2019, North Star filed its first motion for partial summary judgment with respect to the appraisal issue. That motion was granted on November 8, 2019. But that did not end the litigation.
¶7 The Zielnys had filed a counterclaim on June 14, 2019, asserting that North Star breached the insurance contract and engaged in bad faith in refusing to settle their claim. In their counterclaim, the Zielnys alleged that North Star's investigation of their loss was inadequate, resulting in a tendered loss payment of only $4,360.11, and that North Star refused their repeated requests to change its valuation of the loss. North Star filed its motion for partial summary judgment with respect to the Zielnys' counterclaim on August 20, 2020, asserting that it had responded to two additional proofs of loss after the $10,355.11 initial replacement cost valuation and that the Zielnys had agreed to the final replacement cost valuation of their loss at $57,326.69. The district court granted North Star's motion on January 13, 2021.
¶8 North Star filed its motion for attorney fees and costs on February 12, 2021. North Star asserted that it was entitled to costs and attorney fees as the prevailing party on both its declaratory judgment action and the Zielnys' counterclaim pursuant to 36 O.S.2011 § 3629(B).[3] The district court granted North Star's motion for costs: "North Star is entitled to recover costs as the prevailing party . . . ." Neither party has appealed that ruling. The district court's March 12, 2021 order denying North Star's request for attorney fees is the subject of North Star's appeal.[4]
STANDARD OF REVIEW
¶9 "Statutes allowing the award of attorney fees are strictly construed." Comanche Nation of Oklahoma ex rel. Comanche Nation Tourism Ctr. v. Coffey, 2020 OK 90, ¶ 24, 480 P.3d 271, 279. Whether a party is entitled to an attorney fee pursuant to a statute is a question of law, reviewed de novo. Boston Ave. Mgmt., Inc. v. Associated Res., Inc., 2007 OK 5, ¶ 10, 152 P.3d 880, 884-85. De novo review requires a non-deferential, plenary and independent review of the district court's legal ruling. Heffron v. Dist. Ct. of Okla. Cnty., 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076.
ANALYSIS
¶10 Because Oklahoma follows the American Rule, a prevailing party is not entitled to an attorney fee award unless authorized by contract, statute or some particular circumstance of the case. City Nat'l Bank & Trust Co. v. Owens, 1977 OK 86, 565 P.2d 4. This rule is "firmly established." Barnes v. Okla. Farm Bur. Mut. Ins. Co., 2000 OK 55, ¶ 46, 11 P.3d 162, 179. North Star's motion for attorney fees asserted a statutory basis for its attorney fee request, 36 O.S.2011 § 3629(B) of the Oklahoma Insurance Code. North Star argued that statute authorized attorney fees because it was the prevailing party in this litigation on two grounds: (1) it obtained a partial judgment declaring that the Zielnys were not entitled to an appraisal pursuant to the terms of the parties' insurance contract or the statutory requirements of the Insurance Code; and (2) it obtained a partial judgment in its favor with respect to the Zielnys' counterclaim. North Star sought attorney fees for the time involved in securing both the declaratory and the counterclaim adjudications. We hold that section 3629(B) mandates attorney fees to North Star on both grounds.
I. Attorney Fees Based on the Declaratory Judgment
¶11 Because it prevailed in its request for a declaratory judgment with respect to the appraisal issue, North Star claimed that an award of attorney fees was mandatory pursuant to 36 O.S.2011 § 3629(B). The relevant part of that statute provides:
It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed a written offer of settlement. In all other judgments the insured shall be the prevailing party.[5] 

¶12 In Shinault v. Mid-Century Insurance Co., 1982 OK 136, 654 P.2d 618, the Supreme Court held that an insurer who failed to respond to its insured's proof of loss within the time period set out in section 3629(B) waived its right to recover attorney fees authorized by the statute. Id. ¶¶ 3-4, 654 P.2d at 619. In this case, the timing of North Star's written offers to settle the Zielnys' loss is not an issue. North Star responded to the Zielnys' initial proof of loss within six days and promptly responded to the Zielnys' two subsequent requests for coverage for additional damage. North Star complied with the timing requirements of section 3629(B), and the Zielnys have not argued otherwise.
¶13 The Zielnys did argue that section 3629(B) was not applicable because North Star's declaratory judgment action "did not involve a proof of loss, a written offer of settlement or a money judgment." Although the Zielnys' characterization of North Star's claim is consistent with selected language in the statute, we must determine whether section 3629(B) authorizes attorney fees to a prevailing insurer in a declaratory action to determine the applicability of the appraisal provision in this policy.
¶14 Although that precise issue has not been previously decided, the Supreme Court has resolved related issues which direct our disposition of this case. JP Energy Marketing, LLC v. Commerce and Industry Insurance Co., 2018 OK 11, 419 P.3d 215, involved a declaratory judgment action filed by JP Energy to determine whether it was an additional insured on policies issued to JP Energy's contractors and subcontractors. The policies covered the contractors' exposure for damages caused by a fire during construction of a pipeline owned by JP Energy. JP Energy obtained a judgment in its declaratory action against the insurers, and that judgment was affirmed in an Opinion by this Court. The insurers filed petitions for certiorari, which the Supreme Court denied, and approved this Court's Opinion for publication pursuant to Okla.Sup.Ct.R. 1.200(d), 12 O.S.2021, ch. 15, app. 1. See JP Energy Mktg., LLC v. Com. and Indus. Insur. Co., 2018 OK CIV APP 14, 412 P.3d 121. JP Energy then filed a motion for appeal-related attorney fees.
¶15 Generally, appeal-related attorney fees are only "recoverable if statutory authority exists for their award in the trial court." Harris v. Three Hundred and Twenty Five Thousand and Eighty Dollars, 2021 OK 16, ¶ 25, 485 P.3d 242, 248. JP Energy argued it was entitled to attorney fees pursuant to section 3629(B) as the prevailing party in its declaratory judgment action. The Supreme Court noted that it had not previously decided the issue, but discussed three federal court decisions which had awarded attorney fees pursuant to section 3629(B) in a declaratory judgment action: An-Son Corporation v. Holland-America Insurance Co., 767 F.2d 700 (10th Cir.1985), Stauth v. National Union Fire Ins. Co. of Pittsburgh, 236 F.3d 1260 (10th Cir. 2001), and Atain Specialty Insurance Co. v. Tribal Construction Co., No. CIV-11-1379-D, 2013 WL 3776621 (W.D. Okla. July 17, 2013). The Supreme Court found "the federal court decisions persuasive," and granted JP Energy's motion for attorney fees. JP Energy Mktg., LLC v. Com. and Indus. Ins. Co., 2018 OK 11, ¶ 5, 419 P.3d 215, 217. A brief discussion of the federal cases is necessary to determine the extent to which the holding in JP Energy controls the issues in this case.
¶16 In An-Son, the insured filed a declaratory judgment action against its insurer seeking to be reimbursed for the cost it incurred in defending a personal injury action which the insurer had refused to defend based on a policy exclusion. The United States District Court for the Western District of Oklahoma found in favor of An-Son on the coverage issue. An-Son argued that section 3629(B) provided the statutory authority for the award of attorney fees and costs. The federal district court agreed and entered judgment against the insurer for An-Son's costs and attorney fees incurred in defending the personal injury action.
¶17 On appeal, the Tenth Circuit affirmed the attorney fee and costs award noting that the Oklahoma Supreme Court had "given [section 3629(B)] a broad reading." An-Son, 767 F.2d at 703. Based on its interpretation of Oklahoma law, the Tenth Circuit rejected the argument that section 3629(B) applied only to "'first party' actions where the insured has sustained a loss and the insurer rejects a claim made under the policy . . . ." Id. The Tenth Circuit held that section 3629(B) authorized the recovery of attorney fees and costs to the prevailing party in a declaratory judgment action filed to determine whether the insurer was required to indemnify the insured for the cost of defending an action the insurer had wrongfully refused to defend.
¶18 In Stauth v. National Union Fire Insurance Co. of Pittsburgh, 236 F.3d 1260 (10th Cir. 2001), the insureds filed a successful declaratory judgment action to determine which of their two officers' and directors' liability policies covered shareholder and promissory note holders' class action litigation. The insureds' liability, if any, had not been determined in the class actions, and the insurers had been paying the insureds' costs of defending that litigation. Therefore, the insurers argued that the insureds had suffered no "loss" in the statutory sense. The insureds prevailed, but the United States District Court for the Western District of Oklahoma denied their motion for attorney fees and costs filed pursuant to section 3629(B), finding as an undisputed fact that the insureds had not submitted the "proof of loss" required by the statute. Id. at 1262-63.
¶19 On appeal, the Tenth Circuit "adhere[d] to the An--Son precedent and its line of analysis [holding] that Section 3629(B)" applied to the insureds' declaratory judgment action. Id. at 1264. The insurers attempted to distinguish An-Son because it involved the "duty to defend" rather than "indemnity" for a future, undetermined loss. The Court rejected this argument. "[N]othing in An--Son limits its analysis to the duty to defend. We can discern no principled reason why Section 3629(B) should be operative where the duty to defend is at issue, but not where the issue is the duty to indemnify." Id. 
¶20 The Court noted that it was "odd to speak of 'proof of loss' in the ordinary formal sense" in declaratory judgment actions "as contrasted with a first-party action . . . where the insured has sustained a loss and seeks reimbursement from its insurer." Id. Nonetheless, the Court held that the insured's "loss," for purposes of section 3629(B), "inheres in having to incur the expense of the lawsuit itself . . . ." Id. The Circuit Court also held, based on two opinions from this Court, that an award of attorney fees and costs to the prevailing party pursuant to section 3629(B) is "mandatory." Id. at 1267.
¶21 The third case found persuasive by the JP Energy Court was Atain Specialty Insurance Co. v. Tribal Construction Co., No. CIV-11-1379-D, 2013 WL 3776621. In Atain, the insurance company filed a declaratory judgment action to establish that, pursuant to an exclusion in its policy, it had no duty to defend or indemnify its insureds. The insureds had notice of a potential claim but had not yet been sued by the time the action was filed. The United States District Court for the Western District of Oklahoma granted Atain's motion for summary judgment with respect to its declaratory action. In addition, Atain prevailed with respect to a counterclaim filed by one of its insureds which sought to enforce the coverage and duty to defend provisions of the policy.
¶22 Atain filed a motion for attorney fees and costs: "Because it prevailed on its claim and the counterclaim . . . Atain argues it is entitled to an award of reasonable attorney fees pursuant to [36 O.S.2011] § 3629(B)." Atain, 2013 WL 3776621, *1. Following Tenth Circuit decisions, the federal district court granted Atain's motion.[6] "As the prevailing party on its declaratory judgment claim and [the] counterclaim, Atain is entitled to recover a reasonable attorney fee." Id. at *3.
¶23 The federal district court also rejected the argument that the recoverable fees should not include those incurred between the time the insureds notified Atain of the potential loss and the time when the insureds were actually sued. The Court held: "the 'proof of loss' requirement in § 3629(B) does not require submission of a particularized form so long as the insured provides notification to the insurer of the loss for which coverage is claimed." Id. at *2 (citation omitted).
¶24 The holding in JP Energy, with its reliance on these federal cases, resolves two issues in this appeal. First, in addition to "first party" actions filed by an insured for a loss, section 3629(B) mandates an award of attorney fees and costs to the insured in a successful declaratory judgment action to determine whether the insurer is required to defend a suit against its insured and/or indemnify the insured for any loss covered by the policy.[7] Second, the prevailing party in such declaratory actions can be determined before any loss by the insured is finally liquidated or reduced to judgment.
¶25 What JP Energy does not expressly resolve, however, is whether section 3629(B) authorizes attorney fees to a prevailing insurer in a declaratory action to determine the applicability of some policy provision other than the coverage and duty to defend terms of the policy. North Star seeks to extend the holding in JP Energy to (1) a successful declaratory judgment action filed by an insurance company, (2) to determine the applicability of the appraisal provision in the policy used, in certain circumstances, to establish the amount of an insured's loss, and (3) covering the fees incurred defending an insured's counterclaim for breach of contract and bad faith refusal to settle the insured's loss. We resolve these three issues in favor of North Star.
A. The Prevailing Insurer Issue
¶26 With respect to the first issue, although JP Energy, An-Son and Stauth involved actions by the insured, those cases, by implication, compel the conclusion that the insurer would have been entitled to its attorney fees and costs had it prevailed in the declaratory judgment actions. This conclusion is supported by the discussion in Hamilton v. Northfield Insurance Co., 2020 OK 28, ¶ 13, 473 P.3d 22, 27: "[A]n ultimately correct denial of an insured's claim or an adequate tender of benefits -- within the statutory window, but improvidently rejected by the insured -- may likewise permit the insurer to recover its attorney fees as the prevailing party." See also, An-Son Corp. v. Holland-America Ins. Co., 767 F.2d 700, 703 (10th Cir. 1985)(citing Shinault v. Mid-Century Ins. Co., 1982 OK 136, 654 P.2d 618, for the proposition that an "insurer is the prevailing party [for purposes of section 3629(B)] where the judgment is for less than any settlement offer that was tendered to the insured, or where the insured rejects the claim and no judgment is awarded").
¶27 The fact that the JP Energy Court found Atain "persuasive," confirms this conclusion. Atain found that section 3629(B) mandated attorney fees to a successful insurer in a declaratory judgment action to determine coverage. And, not only did the insurer recover its attorney fees in successfully prosecuting the declaratory judgment action, but also it recovered the fees incurred in successfully defending the counterclaim filed by one of its insureds.
¶28 We find no support in JP Energy or the federal cases for the Zielnys' argument that section 3629(B) is inapplicable in this case because North Star's declaratory judgment action "did not involve a proof of loss, a written offer of settlement or a money judgment." The summary judgment record establishes that the Zielnys had clearly filed the "proof of loss" required by the statute, and that they had done so on three occasions. Further, North Star offered to settle the Zielnys' claim. They accepted the offer and North Star paid the Zielnys the amount the parties agreed would cover their loss. Finally, North Star notified the Zielnys, in writing, that it was denying their request for an appraisal. See Atain Specialty Ins. Co. vs. Tribal Constr. Co., 2013 WL 3776621 at *3 (citing Grain Dealers Mut. Ins. Co. v. Farmers All. Mut. Ins. Co., 42 F. App'x 219 (10th Cir. 2002), for the proposition that an insurer's timely denial of coverage constituted rejection of the claim within the meaning of section 3629(B) entitling insurer to recover attorney fees). Finally, we agree with the Tenth Circuit in Stauth that "nothing either in the language of section 3629(B) or in the Shinault opinion supports [the] claim that a dollar recovery is essential for the attainment of prevailing party status in the current context." Stauth v. Nat'l Union Fire Ins. Co. of Pittsburg, 236 F.3d 1260, 1266 (10th Cir. 2001).
¶29 We hold that North Star is the prevailing party because it prevailed on the merits of its action to establish that (1) the Zielnys' demand for an appraisal did not invoke the appraisal procedure in the policy; and (2) North Star did not breach the terms of the insurance policy or engage in bad faith in settling their loss. JP Energy and Atain compel that result.
B. Applicability of Section 3629(B) to the Appraisal Issue
¶30 Although the holding in JP Energy answers the prevailing party question, it does not expressly resolve whether section 3629(B) authorizes attorney fees for litigating the appraisal issue in this case. The answer to that question is determined by whether the insured loss is "the core element" of the suit. Badillo v. Mid Century Ins. Co., 2005 OK 48, ¶ 68, 121 P.3d 1080, 1107 (citing Taylor v. State Farm Fire and Cas. Co., 1999 OK 44, ¶ 11, 981 P.2d 1253, 1258-59, and noting Taylor's "core element" principle that a section 3629(B) prevailing party counsel-fee award does not depend on the theory of liability but is authorized when "recovery of the insured loss" is the "core element" of the suit).
¶31 The "core element" of North Star's request for declaratory judgment was whether the policy required the appraisal requested by the Zielnys to determine the amount of their "insured loss." We find no reason to distinguish a declaratory judgment action to determine whether an insurer's duty to defend a particular loss, which involves a "core element" of the policy, from a declaratory judgment action to determine whether an appraisal was necessary to establish the amount of an insured's loss, the "core element" of damages in that litigation. Because the issue in North Star's declaratory judgment action was the availability of an appraisal -- a policy provision affecting determination of the amount of the Zielnys' covered loss and a core benefit of their insurance policy -- we hold that section 3629(B) authorizes an award of attorney fees to North Star with respect to its declaratory judgment action.
II. Counterclaim Attorney Fees
¶32 The Zielnys' counterclaim alleged that North Star had breached the terms of the insurance policy by inadequately investigating the loss caused by the April 2017 storm and by tortiously refusing to settle their claim for that loss. The district court held that the Zielnys' counterclaim arose out of the same transaction or occurrence as North Star's declaratory judgment action. Neither party has challenged that ruling in this appeal. As previously discussed, Taylor v. State Farm Fire and Casualty Co., 1999 OK 44, 981 P.2d 1253, holds: "Recovery authorized by § 3629(B) embraces both contract -- and tort -- related theories of liability so long as the 'core element' of the damages sought and awarded is composed of the insured loss." Id. ¶ 2, 981 P.2d at 1256 (footnote omitted). The core element of the recovery the Zielnys sought in their counterclaim was the amount of money they were entitled to be paid for the "insured loss" resulting from the damage to their home caused by the April 2017 storm. They sought damages based on both tort and contract theories of liability.
¶33 The relevant language of section 3629(B) provides: "Upon a judgment rendered to either party, costs and attorney fee shall be allowable to the prevailing party. The prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement." 36 O.S.2011 § 3629(B). With respect to their counterclaim, the Zielnys did not receive a judgment that exceeded North Star's written offers and the payments it made to settle their property loss. They did not receive any judgment. The district court granted North Star's motion and entered judgment against the Zielnys.
¶34 For the reasons discussed in Part I(A) of this Opinion, we hold that section 3629(B) authorizes attorney fees to the prevailing insurer in an insured's "first party" action to determine the amount of a covered loss and/or the insurer's alleged bad faith in settling the insured's claim, even if the insured raises that cause of action in a counterclaim.
III. Finality of the Summary Adjudications
¶35 Finally, the Zielnys asserted that the counterclaim adjudication did not determine the prevailing party because, as they construe the court's order, the district court left that issue for resolution on a later date. The Zielnys pointed out that the district court granted North Star's motion "without prejudice of future filing depending on the resolution of the insurance claim." Based on that language, the Zielnys concluded that the partial summary judgment in favor of North Star was not final because it did not preclude them from refiling their claims in the future. The Zielnys relied on one case to support this argument, Carter v. Rebrecht, 1940 OK 500, 108 P.2d 548. Carter is clearly distinguishable.
¶36 Carter involved the defendant's request for attorney fees as the prevailing party, pursuant to a usury statute, after the plaintiff dismissed its action without prejudice. The district court's denial of the request for attorney fees was affirmed on appeal. The Supreme Court noted that it had "regarded as the prevailing party, the party who prevailed on the merits . . . ." Id. ¶ 11, 108 P.2d at 548. The Zielnys did not dismiss their counterclaim; they lost. North Star succeeded on the merits of its motion for partial summary judgment with respect to that claim.
¶37 Further, the Zielnys' interpretation of the qualifying language in the district court's counterclaim adjudication is not correct. Although all aspects of the Zielnys' insurance claim are not concluded, the district court's declaratory and counterclaim adjudications finally resolved the merits of two issues: (1) the Zielnys' April 2018 demand for an appraisal did not trigger the appraisal procedure in the parties' insurance policy; and (2) as of the date the Zielnys filed their counterclaim, North Star had not breached the terms of the insurance contract or engaged in tortious conduct in refusing to settle the Zielnys' claim.
¶38 The qualifying language clarified for the parties, who were still engaged in the resolution of the underlying insurance claim, that the judgment resolved the merits of the issues tendered for decision as of that date. When this appeal was filed, those were the only issues in the case. The qualifying language does not affect the finality of the district court's summary adjudications. Neither the district court nor this court can resolve the merits of any speculative claims that might be asserted in any potential litigation in the future. See House of Realty, Inc. v. City of Midwest City, 2004 OK 97, ¶ 12, 109 P.3d 314, 318 ("When a party presents antagonistic demands that are merely speculative a prohibited advisory opinion is being requested."). We also note that the district court did not "find" that the Zielnys will necessarily have any claims against North Star in the future. But as to this litigation, the district court determined that North Star was the prevailing party.
CONCLUSION
¶39 North Star filed this litigation to determine whether the Zielnys' April 2018 demand for an appraisal triggered the appraisal procedure in the insurance policy. The Zielnys filed a counterclaim in which they alleged contract and tort theories of liability against North Star based on its response to their claim for a property loss covered by that insurance policy. North Star filed motions for partial summary judgment with respect to each matter and obtained a ruling in its favor on each motion.
¶40 North Star filed a motion for costs and attorney fees as the prevailing party pursuant to 36 O.S.2011 § 3629(B). North Star is the prevailing party with respect to the summary adjudications entered in its favor against the Zielnys. That part of the district court's order granting North Star's motion for costs was not appealed and remains undisturbed. However, section 3629(B) also authorizes an award of attorney fees to North Star with respect to each adjudication. The order denying North Star's motion for attorney fees is reversed, and this case is remanded for a determination of the amount of reasonable attorney fees to be awarded to North Star.[8]
¶41 REVERSED AND REMANDED WITH INSTRUCTIONS
.
WISEMAN, J. (sitting by designation), concurs, and BLACKWELL, P.J., concurs in part and dissents in part.
BLACKWELL, P.J., concurring in part and dissenting in part:
I concur in that portion of the majority opinion allowing counsel fees to North Star for its successful defense of the Zielnys' counterclaim and would remand for an award of those fees only. As to the remainder of the opinion, I must respectfully dissent.
In my view, it is not possible to remain faithful to the text of § 3629(B)--which provides a mathematically precise definition of "prevailing party"--and award fees in a declaratory judgment action in which an insurer simply seeks clarification of its own policy language unrelated to coverage. And, as the majority concedes, JP Energy Mktg., LLC v. Com. & Indus. Ins. Co., 2018 OK 11, 419 P.3d 215, "does not expressly resolve" this question in North Star's favor. Majority Opinion at 18. "Statutes authorizing the award of attorney's fees must be strictly construed ...." Eagle Bluff, L.L.C. v. Taylor, 2010 OK 47, ¶ 16, 237 P.3d 173, 179. Following this command, I would decline North Star's invitation to expand JP Energy and revert to a more natural reading of § 3629(B), which requires affirmance of the trial court's denial of fees related to North Star's own declaratory judgment action.
FOOTNOTES
[1] North Star also sued another insured homeowner, Mary Lynne Hall, whose home was near the Zielnys' home and had been damaged in the same storm. Hall had also hired the same contractor hired by the Zielnys, Silverstone, which made similar claims to those made on behalf of the Zielnys. Silverstone was named as a defendant in addition to the Zielnys and Hall.
[2] The appraisal procedure terms included in the policy satisfied statutory requirements in the Oklahoma Insurance Code. See 36 O.S.2021 § 4803(G): "Appraisal. In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser . . . ."
[3] In addition to requesting costs pursuant to section 3629(B), North Star's motion also relied on 12 O.S.2021 §§ 928 and 940(A). Neither of these statutes applies in this litigation nor would authorize an award of costs to the prevailing party. The order granting North Star's motion does not state the statutory basis for the award of costs. However, the only statute authorizing costs to North Star as the prevailing party in this litigation is section 3629(B).
[4] North Star's initial appeal of this ruling, Case No. 119,499, was dismissed as premature on June 1, 2021, because not all claims against all parties had been resolved. An order which does not determine the action and leaves claims or issues to be adjudicated is not a final, appealable order. See Jones v. Tubbs, 1993 OK 118, ¶ 6, 860 P.2d 234, 236. See also 12 O.S. 2021 § 681. Subsequently, North Star obtained an order granting its motion for partial summary judgment with respect to Hall's counterclaim. When North Star voluntarily dismissed its remaining claims against Hall and Silverstone on July 19, 2021, the March 12 order became subject to appellate review for the first time.
[5] Effective November 1, 2018, section 3629(B) was amended to reduce the time for an insurer to submit a written offer of settlement or rejection of the claim in response to an insured's proof of loss. We apply the previous statute because it was in effect in April of 2017, when the proof of loss initially was submitted, as well as in April of 2018 when the Zielnys demanded an appraisal.
[6] In one of those Tenth Circuit cases, Grain Dealers Mutual Insurance Co. v. Farmers Alliance Mutual Insurance Co., 42 F. App'x 219 (10th Cir. 2002), the insureds' commercial carrier sued the insureds' homeowners' carrier seeking a declaratory judgment that the homeowners' carrier was also required to defend an action that had been filed against the insureds and indemnify any loss that might be incurred. The homeowners' carrier prevailed and its award of attorney fees and costs pursuant to section 3639(B) was later affirmed on appeal. The Grain Dealers Circuit Court held that a "written offer of settlement" was not the only way an insurer could satisfy the requirements of section 3629(B), written notice to the insured that there was no coverage or duty to defend the action was a sufficient "written rejection of the claim to its insured within ninety days, as required by the statute." Id. at 221.
[7] As the Dissent points out, this is a departure from the mathematical definition of prevailing party in section 3629(B).
[8] From the record on appeal, it is apparent that the declaratory judgment action originally filed by North Star generated additional litigation between North Star and defendants other than the Zielnys, and regarding claims which are not the subject of this appeal. North Star's motion for attorney fees only sought the fees incurred in prosecuting its declaratory judgment action against the Zielnys on the appraisal issue and in successfully defending the claims raised in the Zielnys' counterclaim. The attorney fees authorized by this Opinion are limited to the attorney fees North Star incurred with respect to those two matters. See Green Bay Packaging, Inc. v. Preferred Packaging, Inc., 1996 OK 121, ¶ 38, 932 P.2d 1091, 1098 (requiring the district court to distinguish between compensable and non-compensable attorney time and effort). 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2018 OK CIV APP 14, 412 P.3d 121, 
JP ENERGY MARKETING v. COMMERCE AND INDUSTRY INSURANCE CO.
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1989 OK 42, 775 P.2d 1339, 60 OBJ 803, 
Depuy v. Hoeme
Discussed

 
1940 OK 500, 108 P.2d 546, 188 Okla. 325, 
CARTER v. RUBRECHT
Cited

 
1993 OK 118, 860 P.2d 234, 64 OBJ 2884, 
Jones v. Tubbs
Discussed

 
2003 OK 75, 77 P.3d 1069, 
HEFFRON v. DISTRICT COURT OF OKLAHOMA COUNTY
Discussed

 
2004 OK 97, 109 P.3d 314, 
HOUSE OF REALTY, INC. v. CITY OF MIDWEST CITY
Discussed

 
2005 OK 48, 121 P.3d 1080, 
BADILLO v. MID CENTURY INSURANCE COMPANY
Discussed

 
2007 OK 5, 152 P.3d 880, 
BOSTON AVENUE MANAGEMENT, INC. v. ASSOCIATED RESOURCES, INC.
Discussed

 
1996 OK 121, 932 P.2d 1091, 67 OBJ 3291, 
Green Bay Packaging, Inc. v. Preferred Packaging, Inc.
Discussed

 
2009 OK 77, 224 P.3d 685, 
BANK OF OKLAHOMA v. RED ARROW MARINA SALES & SERVICE
Discussed

 
2010 OK 47, 237 P.3d 173, 
EAGLE BLUFF, L.L.C. v. TAYLOR
Discussed

 
1977 OK 86, 565 P.2d 4, 
CITY NAT. BANK & TRUST CO. v. OWENS
Discussed

 
2018 OK 11, 419 P.3d 215, 
JP ENERGY MARKETING, LLC v. COMMERCE AND INDUSTRY INSUR. CO.
Discussed at Length

 
2020 OK 28, 473 P.3d 22, 
HAMILTON v. NORTHFIELD INSURANCE CO.
Discussed

 
2020 OK 90, 480 P.3d 271, 
COMANCHE NATION OF OKLAHOMA v. COFFEY
Discussed

 
2021 OK 16, 485 P.3d 242, 
STATE ex rel. HARRIS v. THREE HUNDRED TWENTY FIVE THOUSAND AND EIGHTY DOLLARS
Discussed

 
1982 OK 136, 654 P.2d 618, 
Shinault v. Mid-Century Ins. Co.
Discussed at Length

 
1999 OK 44, 981 P.2d 1253, 70 OBJ 1664, 
Taylor v. State Farm Fire and Casualty Co.
Discussed at Length

 
2000 OK 55, 11 P.3d 162, 71 OBJ 3219, 
BARNES v. OKLAHOMA FARM BUREAU MUTUAL INS. CO.
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 681, 
Definition of Judgment
Cited

 
12 O.S. 928, 
Costs Allowed to Plaintiff upon Judgment in His Favor in Actions for Recovery of Money or Property
Cited

Title 36. Insurance

 
Cite
Name
Level

 
36 O.S. 4803, 
Standard Policy Provisions - Permissible Variations
Cited

 
36 O.S. 3629, 
Furnishing of Proof of Loss Forms - Submitting Written Offer of Settlement or Rejection of Claim to Insured
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA